United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-8,

Plaintiff,

v.

ARTHUR D BORDESSA JR, DONNA LEVINE,

Defendants.

_______________________________________/

No. C 12-2780 RS

**ORDER GRANTING MOTION TO REMAND**

This matter was filed as an unlawful detainer action in Sonoma County Superior Court. Contending that it actually is an action for "ejectment" arising under federal law, and governed by the Protecting Tenants at Foreclosure Act of 2009, 12 U.S.C. § 5201, defendant Donna Levine removed it to this Court. Plaintiff filed a motion to remand, which it sought to have heard on shortened time. By order entered on July 11, 2012, Levine was directed to file any opposition to the remand motion no later than July 25, 2012, and the parties were advised that the matter would be submitted without oral argument. Levine has filed no response, and the time for doing so has expired.

The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). The

rule applies equally to evaluating the existence of federal questions in cases brought initially in this Court and in removed cases. *Id.* at n. 2. Under that rule, a federal question must be presented by what is or should have been alleged in the complaint. *Id.* at 830. Thus, the fact that a federal question may be implicated through matters raised by demurrer, answer, or counterclaim is insufficient.

Here, even assuming Levine may be able to rely on provisions of the Protecting Tenants at Foreclosure Act of 2009 as a defense to plaintiff's claims, nothing in what was or should have been alleged in the complaint presents a federal question. Levine's assertion in the notice of removal that the federal law wholly *preempts* state law such that plaintiff may only proceed under a federal claim for "ejectment" is untenable. Accordingly, there was no basis for removal, and the motion to remand must be granted. This action is hereby remanded to Sonoma County Superior Court.

IT IS SO ORDERED.

Dated: 8/1/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WAS MAILED TO:**

Donna A. Levine
6095 Bodega Avenue
Petaluma, CA 94952

DATED: 8/1/12

/s/ Chambers Staff

Chambers of Judge Richard Seeborg